# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ESTATE OF DEREK WILLIAMS, JR., TANIJAH WILLIAMS, DEREK WILLIAMS III, and TALIYAH S. WILLIAMS,

    Plaintiffs,

v.

CITY OF MILWAUKEE, JEFFREY CLINE, RICHARD TICCIONI, PATRICK COE, JASON BLEICHWEHL, ROBERT THIEL, TODD KAUL, ZACHARY THOMS, GREGORY KUSPA, CRAIG THIMM, CHAD BOYACK, and DAVID LETTEER,

    Defendants.

Case No. 16-CV-869-JPS

**PROTECTIVE ORDER**

    During the November 10, 2016 scheduling conference for this matter, the Court and parties discussed entry of a protective order. (Docket #13). Later that same day, the plaintiffs submitted a proposed order to the Court's e-mail submission box; no motion for a protective order was filed on the docket itself. The defendants then filed a response to the plaintiff's proposed order. (Docket #14).

    The plaintiffs' proposed protective order matches another such order entered recently in a similar case, also alleging police misconduct involving the City of Milwaukee. *See J.M. et al. v. City of Milwaukee et al.*, 16-CV-507-JPS, (Docket #24). As indicated in the scheduling conference, the Court is inclined to enter that order here as well. The defendants request that one sentence be added, namely that the word "CONFIDENTIAL" should be affixed to any

document containing confidential information.[1] The plaintiffs do not oppose the addition. (Docket #15).

The Court will grant the request in a manner consistent with the remainder of the protective order. As addressed later in this Order, only specific instances of sensitive information, and not entire documents, should be designated as confidential. Thus, if a "CONFIDENTIAL" stamp appears on any document, it will only serve as notice that particular instances of sensitive information appear within the document. It will not have the effect of rendering the entire document confidential, as was discussed and rejected by the Court in the context of the *J.M.* protective order.

With those points in mind, the Court addresses the propriety of the protective order itself. Federal Rule of Civil Procedure 26(c) allows for an order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Fed. R. Civ. P. 26(c)(1)(G), Civil L.R. 26(e). Protective orders are, in fact, an exception to the general rule that pretrial discovery must occur in the public eye. *American Telephone & Telegraph Co. v. Grady*, 594

---

[1] Defendants state that this is required by Civil Local Rule 26(e), but the text they quote is not found in that Rule. Instead, the relevant text is as follows:

> All motions and stipulations requesting a protective order must contain sufficient facts demonstrating good cause. Upon a showing of good cause, the Court may enter a protective order regarding confidentiality of all documents produced in the course of discovery, all answers to interrogatories, all answers to requests for admission, and all deposition testimony. A protective order template is attached as an Appendix to these Local Rules.

Civil L.R. 26(e)(1). The rule on affixing "CONFIDENTIAL" to documents is found in the template order. That template is meant to be used as guidance and is not actually part of Rule 26(e).

F.2d 594, 596 (7th Cir. 1979); Fed. R. Civ. P. 26(c); *see also Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945–46 (7th Cir. 1999). Litigation must be "conducted in public to the maximum extent consistent with respecting trade secrets…and other facts that should be held in confidence." *Hicklin Eng'r, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006).

Nonetheless, the Court can enter a protective order if the parties have shown good cause, and also that the order is narrowly tailored to serving that cause. F.R.C.P. 26(c); *see, e.g., Citizens First Nat'l Bank of Princeton*, 178 F.3d at 945, *Jepson, Inc. v. Makita Elec. Works, Ltd.*, 30 F.3d 854, 858 (7th Cir. 1994) (holding that, even when parties agree to the entry of a protective order, they still must show the existence of good cause). The Court can even find that broad, blanket orders are narrowly tailored and permissible, when it finds that two factors are satisfied:

(1) that the parties will act in good faith in designating the portions of the record that should be subject to the protective order; and

(2) that the order explicitly allows the parties to the case and other interested members of the public to challenge the sealing of documents.

*Cty. Materials Corp. v. Allan Block Corp.*, 502 F.3d 730, 740 (7th Cir. 2006) (citing *Citizens First Nat'l Bank of Princeton*, 178 F.3d 943, 945 (7th Cir. 1999)).

Though no motion for entry of a protective order was actually filed, the Court finds that the parties' request for such an order is made in good faith. This case involves the death of Derek Williams, Jr. in the course of interactions with various Milwaukee Police Department officers. The discovery process will result in the exchange of a substantial amount of City of Milwaukee records. Such documents often include very sensitive material, including: information that may personally identify individuals including

juveniles, confidential informants, family members of City of Milwaukee employees, family members of the plaintiffs, and victims of violence and sexual crimes; financial information; healthcare information; emergency contact information; statements made by witnesses, complainants, and arrestees; and other personal information. In sum, many records involved in this case are hypersensitive, and the parties clearly seek the requested protective order in good faith.

The Court further finds that the parties' proposed terms satisfy the above-stated maxims. As noted above, rather than designating entire documents as confidential, the parties will be limited to designating information within documents as confidential. This will ensure maximum transparency in this litigation while preventing disclosure of sensitive information.

Finally, the Court must note that it subscribes to the view that the Court's decision-making process must be transparent and as publicly accessible as possible. Thus, the Court preemptively warns the parties that it will not enter any decision under seal.

Accordingly,

The Court finds that the exchange of sensitive information between the parties and/or third parties other than in accordance with this Order may cause unnecessary damage and injury to the parties and to others. The Court further finds that the terms of this Order are fair and just and that good cause has been shown for entry of this Order.

**IT IS ORDERED** that, pursuant to Civil Local Rule 26(e) and Federal Rule of Civil Procedure 26(c)(1)(D),

1. The following categories of information are to be handled as confidential and subject to this Protective Order:

a. personally-identifiable information, including dates of birth, social security numbers, home addresses, and phone numbers;

b. information which can in any way identify a juvenile;

c. information which can in any way identify a confidential informant;

d. financial information, including banking-related account numbers, the identification of any financial institution along with any individual who maintains an account with that institution; income tax information and mortgage-related information;

e. healthcare-related information, including information which is related to physical, psychological or general medical care or treatment;

f. emergency-contact information provided by employees, persons arrested or in custody, complainants, or witnesses;

g. information which can in any way identify the spouse, child(ren), or other family members of a City of Milwaukee employee, plaintiffs, and the family members of Derek Williams, Jr.;

h. information related to divorce or child custody disputes; and

i. information which can in any way identify the victim of a sexual assault, attempted sexual assault, rape, attempted rape or domestic violence.

Designation of confidential information must be made by placing or affixing on the document in a manner that will not interfere with its legibility the word "CONFIDENTIAL".

2. Information designated as confidential in paragraph (1) must not be used or disclosed by the parties or counsel for the parties or any persons identified in paragraph (3) for any purposes whatsoever other than preparing for and conducting the litigation in which the information is disclosed (including appeals).

3. The parties and counsel for the parties must not disclose or permit the disclosure of any information designated as confidential in paragraph (1) to any person or entity, except that disclosures may be made in the following circumstances:

    a. Disclosure may be made to employees of counsel for the parties who have direct functional responsibility for the preparation and trial of the instant case. Any such employee to whom counsel for the parties makes a disclosure must be advised of, and become subject to, the provisions of this order requiring that information designated as confidential in paragraph (1) be held in confidence.

    b. Disclosure may be made only to employees of a party required in good faith to provide assistance in the conduct of the litigation in which the information was disclosed who are identified as such in writing to counsel for the other parties in advance of the disclosure of the confidential information.

    c. Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents. Before disclosure to any such court reporter or person engaged in making photocopies of documents, such reporter or person must agree to be bound by the terms of this Protective Order.

    d. Disclosure may be made to consultants, investigators, or experts (collectively "experts") employed by the parties

or counsel for the parties to assist in the preparation and trial of the lawsuit. Before disclosure to any expert, the expert must be informed of and agree to be subject to the provisions of this Protective Order requiring that information designated as confidential in paragraph (1) be held in confidence.

4. To the extent that any records which contain any information referenced in the categories identified in paragraph 1 are filed with the Court, or are substantively incorporated in any papers to be filed with the Court, the records and papers must be redacted only to the extent necessary. If the parties seek to seal a document, either in part or in full, they must file a motion to seal that document, together with a redacted copy on the record. They must also simultaneously file unredacted copies under seal with the Clerk of Court in an envelope marked "SEALED." A reference to this Protective Order may also be made on the envelope. The parties shall act in good faith in designating records to be filed, in whole or in part, under seal.

5. A party or interested member of the public may challenge the designation of confidentiality by motion. The movant must accompany such a motion with the statement required by Civil L. R. 37. The party prevailing on any such motion is entitled to recover as costs its actual attorney fees and costs attributable to the motion.

6. At the conclusion of the litigation, all material not received in evidence and treated as confidential under this Protective Order must be returned to the originating party or, if the parties so stipulated, the material may be destroyed.

7. After termination of this litigation, this Protective Order shall continue to be binding upon the parties hereto, and upon all parties to whom confidential discovery material has been disclosed or communicated, and this

Court shall retain jurisdiction over the parties and such persons for the enforcement of the provisions hereof.

Dated at Milwaukee, Wisconsin, this 1st day of December, 2016.

BY THE COURT:

s/ *J. P. Stadtmueller*
J.P. Stadtmueller
U.S. District Judge