# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ESTATE OF DEREK WILLIAMS, JR., TANIJAH WILLIAMS, DEREK WILLIAMS III, and TALIYAH S. WILLIAMS,<br><br>                          Plaintiffs,<br>v.<br><br>CITY OF MILWAUKEE, JEFFREY CLINE, RICHARD TICCIONI, PATRICK COE, JASON BLEICHWEHL, ROBERT THIEL, TODD KAUL, ZACHARY THOMS, GREGORY KUSPA, CRAIG THIMM, CHAD BOYACK, and DAVID LETTEER,<br><br>                          Defendants. | Case No. 16-CV-869-JPS<br><br><br><br>**PROTECTIVE ORDER** |

      On December 20, 2016, the parties filed a stipulated request for a confidentiality order. (Docket #18). They request the order so that they may avoid the public disclosure of confidential information and documents that the Federal Bureau of Investigation ("FBI") will produce in response to the plaintiffs' subpoena. *Id.* at 1. Rule 26(c) allows for an order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Fed. R. Civ. P. 26(c)(1)(G), Civil L. R. 26(e).

      The Court sympathizes with the request and will grant it, but, before doing so, must note the limits that apply to protective orders. Protective orders are, in fact, an exception to the general rule that pretrial discovery must occur in the public eye. *American Telephone & Telegraph Co. v. Grady*, 594 F.2d 594, 596 (7th Cir. 1979); Fed. R. Civ. P. 26(c); *see also Citizens First Nat'l*

*Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945–46 (7th Cir. 1999). Litigation must be "conducted in public to the maximum extent consistent with respecting trade secrets…and other facts that should be held in confidence." *Hicklin Eng'r, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006).

Nonetheless, the Court can enter a protective order if the parties have shown good cause, and also that the order is narrowly tailored to serving that cause. Fed. R. Civ. P. 26(c); *see, e.g.*, *Citizens First Nat'l Bank of Princeton*, 178 F.3d at 945, *Jepson, Inc. v. Makita Elec. Works, Ltd.*, 30 F.3d 854, 858 (7th Cir. 1994) (holding that, even when parties agree to the entry of a protective order, they still must show the existence of good cause). The Court can even find that broad, blanket orders are narrowly tailored and permissible, when it finds that two factors are satisfied:

(1) that the parties will act in good faith in designating the portions of the record that should be subject to the protective order; and

(2) that the order explicitly allows the parties to the case and other interested members of the public to challenge the sealing of documents.

*Cty. Materials Corp. v. Allan Block Corp.*, 502 F.3d 730, 740 (7th Cir. 2006) (citing *Citizens First Nat'l Bank of Princeton*, 178 F.3d 943, 945 (7th Cir. 1999)).

The parties have requested the protective order in this case in good faith. The parties note that the FBI has asked them to seek the instant protective order so as to avoid incurring civil and criminal liability when it produces the subject records. (Docket #18 at 1). Further, this case involves the death of Derek Williams, Jr. in the course of interactions with various Milwaukee Police Department officers. As with the City of Milwaukee records previously produced in this matter, the FBI's document production will likely contain hypersensitive information.

The proposed protective order is largely acceptable. The Court's only revision is to include a provision consistent with the Court's and this district's standard practice of allowing any party and any interested members of the public to challenge the sealing of documents. Finally, the Court must note that, while it finds the proposed order to be permissible and will, therefore, enter it, the Court subscribes to the view that the Court's decision-making process must be transparent and as publicly accessible as possible. Thus, the Court preemptively warns the parties and the DOJ that it will not enter any decision under seal.

Because the proposed protective order adequately complies with the standards set forth above (after the Court's minor changes), the Court will enter an order based on the stipulation and proposed order to the Court.

Accordingly,

Pursuant to the stipulation of the parties (Docket #18), the Court finds that the exchange of sensitive information between the parties and/or third parties other than in accordance with this Order may cause unnecessary damage and injury to the parties and to others. The Court further finds that the terms of this Order are fair and just and that good cause has been shown for entry of this Order.

**IT IS, THEREFORE, ORDERED** that, pursuant to Civil Local Rule 26(e) and Federal Rule of Civil Procedure 26(c)(1)(D),

1. PURPOSES AND LIMITATIONS

The purpose of this Order is to enable the Federal Bureau of Investigation, its officers, agents, employees and representatives to provide information to Plaintiffs in this case which they might otherwise be prohibited from disclosing under the Privacy Act, 5 U.S.C. § 552a, and as to

which they might otherwise incur criminal and civil liability for having disclosed.

2. "PROTECTED" MATERIAL

"Protected" material shall include the following documents and tangible things produced or otherwise exchanged:

(a) FBI records that include Privacy Act protected information. Other than protection of Privacy Act protected information, nothing in this order limits in any way any other restrictions on the release of information, including restrictions on release of classified or privileged information, required or permitted by law.

3. SCOPE

The protections conferred by this agreement cover not only protected material (as defined above), but also (1) any information copied or extracted from protected material; (2) all copies, excerpts, summaries, or compilations of protected material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal protected material. However, the protections conferred by this agreement do not cover (a) any information that is in the public domain or becomes part of the public domain through trial or otherwise; or (b) any information known to the receiving party prior to the disclosure or obtained by the receiving party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the designating party. Any use of protected material at trial shall be governed by a separate agreement or order.

4. ACCESS TO AND USE OF PROTECTED MATERIAL

4.1 Basic Principles. A receiving party may use protected material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to

Page 4 of 12

Case 2:16-cv-00869-JPS   Filed 12/27/16   Page 4 of 12   Document 19

settle this litigation. Protected material may be disclosed only to the categories of persons and under the conditions described in this agreement. Protected material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

4.2 Disclosure of "Protected" Information or Items. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any protected material only to:

(a) the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, and employees (including in-house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation;

© experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment And Agreement To Be Bound" (Exhibit A);

(d) the court, court personnel, and court reporters and their staff;

(e) copy or imaging services retained by counsel to assist in the duplication of protected material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any protected material to third parties and to immediately return all originals and copies of any protected material;

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment And Agreement To Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of

transcribed deposition testimony or exhibits to depositions that reveal protected information must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement; and

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

4.3 Acknowledgement and Agreement to be Bound. All persons receiving copies of Protected material (other than the court, court personnel, and court reporters and staff and the author or recipient of a document containing the information ) shall sign a copy of the "Acknowledgement and Agreement to be Bound" (Exhibit A) prior to receiving any such material. Counsel for each party shall maintain a list of all persons who have been provided access to Protected material and a file containing the signed Acknowledgement and Agreement to be Bound. Copies of said lists and files shall be made available to all other counsel in this litigation upon request.

4.4 Filing Protected Material. Before filing protected material or discussing or referencing such material in court filings, the filing party shall confer with the FBI to determine whether the FBI will remove the protected designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted.

4.5 Sanctions. The parties agree that the appropriate sanction for knowing or intentional disclosure of any protected material to any person other than as authorized under paragraph 4.2, is a substantial monetary penalty, payable into a Court administered fund. In the event that any protected material is disclosed to an unauthorized person either directly or indirectly (for example, by posting the material on the internet) any party to

this litigation may file a motion for sanctions in this Court and the Court will issue an order to show cause as to why the party and/or his or her attorney should not be sanctioned for violating this protective order.

5. DESIGNATING PROTECTED MATERIAL

5.1 Manner and timing of designations. Except as otherwise provided in this agreement or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

(a) Information in documentary form (e.g., paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings) will be marked with a banner affixed to each page noting that the document contains protected material. The parties acknowledge that all such documents designated as Protected must be filed under seal if used in Court.

5.2 Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items as Protected does not, standing alone, waive the FBI's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

6. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "Protected," that party must:

(a) promptly notify the FBI in writing and include a copy of the

subpoena or court order;

(b)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

(c)  cooperate with respect to all reasonable procedures sought to be pursued by the FBI whose protected material may be affected.

7.  A NON-PARTY'S PROTECTED MATERIAL SOUGHT IN THIS LITIGATION

(a) The terms of this Order are applicable to information produced by a non-party in this action and designated as "Protected." Such information produced by the non-party in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a non-party from seeking additional protections.

(b) In the event that a party is required, by a valid discovery request, to produce a non-party's protected information held in its possession, and the receiving party is subject to an order not to produce the protected information, then the receiving party shall:

i. promptly and in writing notify the requesting party and the non-party (FBI) that some or all of the information requested is subject to a protected agreement; and

ii. promptly provide the requesting party and the non-party with a copy of this Order, the relevant discovery request(s), and a reasonably specific description of the information requested.

(c) The parties acknowledge that many of the non-party documents sought in this litigation must be obtained from the FBI through Touhy

requests, and that these documents may contain information protected by the Privacy Act. 5 U.S.C. § 552a(b)(11) states "[n]o agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains, unless disclosure of the record would be . . .(11) pursuant to the order of a court of competent jurisdiction." This stipulated order is such an order permitting the FBI to release Privacy Act protected material. Any documents belonging to or produced by the FBI pursuant to Touhy and containing Privacy Act protected material will be marked "FBI Documents Subject to Privacy Act Protective Order" and may also be marked "Protected," in which case the documents will be subject to the additional provisions of this protective order. All such documents must be filed under seal if used in Court. In addition, all covered documents will be destroyed upon termination of proceedings, to the extent permitted by law. In the event protected material cannot be destroyed at the conclusion of these proceedings, such material shall be returned to the FBI, or maintained by the receiving party in such a way as to ensure its continued protection. Additionally, in the event the receiving party receives a request, pursuant to the Wisconsin Public Records Law, for any documents protected by this Order, the receiving party shall give notice to the FBI in sufficient time for the FBI to commence an action in the appropriate court to enjoin disclosure.

8. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a receiving party learns that, by inadvertence or otherwise, it has disclosed protected material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a)

notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The parties stipulate to the entry of an order regarding the applicability of Fed. R. Evid. 502(d) to this case, in the language set forth in the Order below.

10. TERMINATION AND DESTRUCTION OF PROTECTED DOCUMENTS

Except as otherwise prohibited by state or federal law, within 60 days after the termination of this action, including all appeals, each receiving party must certify destruction of all protected material to the producing party, including all copies, extracts and summaries thereof. Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain protected material. The protection obligations imposed by this

agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise. In the event protected material cannot be destroyed at the conclusion of these proceedings, such material shall be returned to the FBI, or maintained by the receiving party in such a way as to ensure its continued protection. Additionally, in the event the receiving party receives a request, pursuant to the Wisconsin Public Records Law, for any documents protected by this Order, the receiving party shall give notice to the FBI in sufficient time for the FBI to commence an action in the appropriate court to enjoin disclosure.

11.    MISCELLANEOUS

11.1    Enforceability Upon Signing. By signing this Stipulated Protective Order, the parties agree to be bound by its terms unless and until those terms are modified by order of the Court.

11.2    Prospective Applicability. This order shall apply only prospectively. All items or information identified or exchanged by and among the parties prior to the enforceability of the Stipulated Protective Order shall not be retrospectively classified as "Protected."

11.3    Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

11.4    Right to Assert Other Objections. By stipulating to the entry of this Order no party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

11.5    Public Challenge to Confidentiality. An interested member of the public may challenge by motion the sealing or redaction of any protected information or material filed with the Court. The movant must accompany

such a motion with the statement required by Civil L. R. 37. The FBI will be provided notice of such a motion and the opportunity to respond before any ruling is made.

**IT IS FURTHER ORDERED** that pursuant to Fed. R. Evid. 502(d), the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other proceeding in any other court, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law.

Dated at Milwaukee, Wisconsin, this 27th day of December, 2016.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge