# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ESTATE OF DEREK WILLIAMS, JR., TANIJAH WILLIAMS, DEREK WILLIAMS III, and TALIYAH S. WILLIAMS, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF MILWAUKEE, JEFFREY CLINE, RICHARD TICCIONI, PATRICK COE, JASON BLEICHWEHL, ROBERT THIEL, TODD KAUL, ZACHARY THOMS, GREGORY KUSPA, CRAIG THIMM, CHAD BOYACK, and DAVID LETTEER, <br><br> Defendants. | Case No. 16-CV-869-JPS <br><br><br> **ORDER** |

On February 14, 2017, Plaintiffs filed a motion to compel seeking to overrule Defendants' objections to a certain discovery request. On November 1, 2016, Plaintiffs issued an interrogatory seeking a "list [of] Milwaukee police officers, from 2006 to 2012, who have been identified as potential problem officers by the MPD's Early Intervention Program (EIP) and any other early warning system." (Docket #20-1 at 3). Defendants responded on December 20 that "[t]his interrogatory is vague and ambiguous as to the terms 'potential problem officers' and 'any other early warning system.' Furthermore, the EIP program does not 'identify' or label officers as 'potential problem officers,' and therefore the City cannot provide a response to this interrogatory." *Id.*

Defendants describe the EIP program as "an automated proactive risk analysis management tool designed to identify and assist employees who show symptoms of job stress, training deficiencies or personal problems that may affect job performance." (Docket #27 at 2). They assert that it is a non-disciplinary program. *Id.* The EIP system tracks "performance indicators" including "(1) personnel investigations; (2) squad accidents; (3) use of force incidents; (4) vehicle pursuits; and (5) sick leave usage." *Id.* at 2-3. An "intervention alert" is created whenever too many of these incidents occur in a short time span. *Id.* at 3. The alert is investigated by a supervising officer and usually involves the employee's cooperation. Id. at 3-4.

On January 4, 2017, in an e-mail to Defendants seeking a more complete response to the interrogatory, Plaintiffs "clarified" the interrogatory as follows:

> To be clear, Interrogatory Number 7 asks for a list of all Milwaukee police officers, from 2006 to 2012, for whom an EIP "intervention alert" was generated. For each officer listed, please include the following information: (a) the performance indicator(s) that generated the alert; (b) the date the alert was generated; (c) the name of the commanding officer(s) who were notified of the alert; (d) whether a determination was made to complete an intervention; and (e) the nature of the intervention. Also please produce the "intervention alert" document that was generated in each instance.

*Id.* Defendants answered this modified interrogatory by claiming it was overly broad and a response would be unduly burdensome. (Docket #20-2 at 3-4). They also asserted that the request was not likely to lead to the discovery of admissible evidence. *Id.* Defendants further cited the need for confidentiality of the EIP alerts to maintain the effectiveness of the program. Id. In the end, Defendants limited their production to the EIP alerts generated

for the police officer defendants in this case, and there was only one in the relevant time period. *Id.* Plaintiff again attempted to convince Defendants to withdraw their objections by e-mail on January 28, 2017. The discussion did not lead to the production of any further information. (Docket #21-1 at 3-5).

Federal Rule of Civil Procedure ("FRCP") 26(b)(1) governs the disposition of this motion. It provides that

> [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Plaintiffs argue that a complete response to their modified interrogatory is necessary because of the breadth of their Monell claim. Specifically, they

> intend to prove this claim [] by showing that if MPD had effective early warning and disciplinary systems, those systems would have flagged Defendants Cline, Bleichwehl, Thoms, and Kuspa, and MPD could have then intervened in these officers' behavior before they had a chance to violate Derek Williams' constitutional rights. The information requested in Interrogatory Number 7—a department wide list of officers for whom "intervention alerts" were generated by the EIP system during the five years preceding the underlying incident including the "intervention alert" documents themselves—is necessary for Plaintiffs' counsel and their expert to demonstrate that EIP was defective, how it was defective, and to properly examine policymaker witnesses.

(Docket #20 at 5). Plaintiffs also contend that Defendants' confidentiality concern is mooted by the protective order outstanding in this case. (Docket #16).

Defendants' response reasserts their objections. They first claim that the request is overbroad because many intervention alerts have nothing to do with the issues in this case, which are the officer defendants' alleged use of excessive force against, and deliberate indifference to, Derek Williams. (Docket #27 at 7-8). They argue that because the EIP system is non-disciplinary, it does actually establish a persistent failure of supervision, monitoring, control, or discipline as Plaintiffs must show to prove their *Monell* claim. *Id.* Defendants further contend that a full EIP alert production is simply a fishing expedition for Plaintiffs to uncover unrelated police misconduct over the 2006 to 2012 time span. *Id.* at 8-9. The production would also take an estimated 43 hours to compile. *Id.* at 11. Finally, Defendants reiterate their confidentiality concerns. *Id.* at 10-11.

Plaintiffs reply that all EIP alerts, even those which seem facially irrelevant, are important to prove their *Monell* claim. For instance, if alerts generated because of excessive sick leave or car accidents comprised the bulk of the alerts, "it would indicate that EIP was ineffective at identifying MPD officers with truly problematic behavior involving the mistreatment of citizens." (Docket #30 at 2). Additionally, they believe that the 43 hour production estimate does not show an undue burden; "[t]he reality is that complex litigation is often document intensive. Indeed, the City would not bat an eye before producing several boxes of files if this were a business transaction, and there is no reason to apply a different standard just because this is a civil rights case." *Id.* at 4.

The Court must agree with Plaintiffs. They are the masters of their *Monell* claim, and if the EIP alerts are the method they have chosen to prove it, then those documents meet the minimal relevance standard imposed by FRCP 26(b)(1). *See Kuttner v. Zaruba*, 819 F.3d 970, 980 (7th Cir. 2016) (noting that while the old version of FRCP 26(b)(1) permitted "discovery if it held reasonable prospects of leading to admissible evidence," the new rule nevertheless "provides that discovery need not be admissible in evidence to be discoverable") (quotation omitted). Defendants may argue the faults in using the EIP evidence to support those claims at summary judgment or trial. Plaintiffs themselves may realize, after they and their expert review the information, that it is not as helpful as they might have otherwise expected. These points are for another time, however; at this stage, Plaintiffs must be permitted to explore the possibility. Defendants' other concerns carry little weight. The protective order in this case will protect the EIP documents from disclosure. The burden of producing the EIP alerts, while steep, is outweighed by their importance to Plaintiffs' claim. Plaintiffs' motion to compel will, therefore, be granted. Because defendants have advanced reasonable bases on which to contest the instant discovery request, Plaintiffs' request for attorneys' fees must be denied.

Accordingly,

**IT IS ORDERED** that Plaintiffs' motion to compel (Docket #20) be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that Plaintiffs' request for an award of attorneys' fees and costs (Docket #20 at 8) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 23rd day of March, 2017.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge