# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ESTATE OF DEREK WILLIAMS, JR., TANIJAH WILLIAMS, DEREK WILLIAMS III, and TALIYAH S. WILLIAMS,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF MILWAUKEE, JEFFREY CLINE, RICHARD TICCIONI, PATRICK COE, JASON BLEICHWEHL, ROBERT THIEL, TODD KAUL, ZACHARY THOMS, GREGORY KUSPA, CRAIG THIMM, CHAD BOYACK, and DAVID LETTEER,<br><br>Defendants. | Case No. 16-CV-869-JPS<br><br><br><br><br><br><br><br>**ORDER** |

On February 27, 2017, Plaintiffs submitted an expedited motion to compel the United States Attorney's Office for this District ("USAO") to produce a report of an interview with Defendant Zachary Thoms ("Thoms"). The FBI conducted the interview during the course of their investigation into the events of Derek Williams' death. *Id.* at 2. Upon review of the parties' briefing, the Court noted that they had not addressed the full scope of the relevant legal issues, and ordered further briefing. (Docket #28). That briefing was completed on March 22, 2017. *See* (Docket #29 and #31).

Plaintiffs issued subpoenas to the FBI and the USAO to obtain the documents they possessed related to their investigation, including the Thoms interview report (referred to by the parties, and hereinafter, as the "302 report"). (Docket #24-2). In response, those agencies produced a proffer letter

the USAO had sent to Thoms prior to his interview, assuring him that "the United States agrees not to use any information furnished by your client during the interview directly against him in any civil or criminal proceedings." (Docket #24-3 at 2).

Plaintiffs asked for the 302 report itself. (Docket #24 at 3). The FBI deferred the decision to produce the report to the USAO. *Id.* The USAO's view was that "Thoms['] interview was conducted under the provisions and assurances of the proffer letter including the provision that the United States will not use the interview against Thoms in a criminal or civil proceeding. Since Zachary Thoms is named a defendant in the estate's lawsuit, we believe the release of the 302 could be viewed as a violation of the proffer letter." *Id.* The USAO declined to produce the report.

Plaintiffs argue that the USAO's position is groundless. First, they posit that the 302 is relevant and discoverable under the Federal Rules of Civil Procedure ("FRCP"). (Docket #24 at 4). Second, Plaintiffs believe that the stated basis for withholding the report is inapposite. The proffer letter only prevents the United States from using the information furnished in Thoms' interview against him, and the federal government is not a plaintiff here. *Id.* at 3-4. Finally, Plaintiffs maintain that even if production of the 302 could be interpreted as violating the proffer letter agreement, that is no reason to avoid producing the report here. *Id.* at 4. In their view, "[t]o the extent that the USAO is concerned that producing the Thoms 302 will have some sort of chilling effect on its ability to convince witnesses to provide information via proffer, such an argument would be based on pure speculation and cannot trump Plaintiffs' right to discovery under the Federal Rules of Civil Procedure." *Id.*

The USAO's initial response expounds on its earlier-quoted objection. It cites the Department of Justice's ("DOJ") *Touhy* regulations, which prohibit its employees from producing materials in cases where the United States is not a party without prior approval from the DOJ. (Docket #25 at 2); *see* 28 C.F.R. § 16.22(a); *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951). The *Touhy* regulations provide various factors for the DOJ to weigh when considering a request to produce a document. 28 C.F.R. § 16.26(a)-(c). Without specifically connecting its analysis to any of the *Touhy* regulation factors, the USAO reiterates that

> providing the 302 report would violate the terms and spirit of the proffer letter. That is, the letter is intended to encourage cooperation from targets or defendants in criminal investigations. That cooperation is premised upon the agreement that what is disclosed in the proffer session will not be used against the cooperating target or defendant. It is entirely likely that disclosure of the FBI 302 in this instance would have a chilling effect in the future such that targets and defendants are no longer willing to provide useful information to the USAO and other law enforcement agencies.

(Docket #25 at 3).

The parties' supplemental briefing addresses that which the Court detected in its initial review of the applicable law—a split of authority on the appropriate standard of review. The District of Columbia and Ninth Circuits hold that this issue should be assessed using FRCP 26 and 45. This is the same, relatively low, bar for discovery that is applied to every civil litigant, and centers on the subpoenaed party's claim of privilege, undue burden, or lack of relevance. Conversely, the Fourth and Eleventh Circuits maintain that an agency's refusal to comply with a subpoena is entitled to more deference. The standard they apply comes from the Administrative Procedures Act

Page 3 of 6

Case 2:16-cv-00869-JPS   Filed 03/30/17   Page 3 of 6   Document 33

("APA"), which provides that the agency's decision cannot be disturbed unless it was arbitrary or capricious. 5 U.S.C. § 706(a)(A). As applied here, the USAO's decision "will be upheld if it is reasonable and if the decision is in accordance with the agency's *Touhy* regulations." *Sauer Inc. v. Lexington Ins. Agency, Inc.*, No. 5:13-CV-180, 2014 WL 5580954, at *4 (E.D. N.C. Oct. 31, 2014). Though it appears the former standard is the more modern view, and one which the Court would prefer to adopt, the Court need not stake a claim to either, as Plaintiffs' motion must be granted even under the more restrictive APA standard. *See In re Packaged Ice Antitrust Litig.*, No. 08-MD-1952, 2011 WL 1790189 *2 (E.D. Mich. May 10, 2011).

Plaintiffs' supplemental brief largely restates their previous arguments. (Docket #29). They also address the USAO's contention that the normal discovery process may be used to gain the same information contained in the 302 report. Plaintiffs counter that Thoms was likely more forthcoming in providing information for the 302 report than he would be in a deposition in this case. *Id.* at 7-8. The USAO's supplemental brief provides a slightly different formulation of the reason for its non-disclosure:

> The proffer letter provides that "[i]n exchange for your client's truthful statement, the United States agrees not to use any information furnished by your client during the interview directly against him in any civil or criminal proceedings." Officer Thoms provided information to the USAO and the FBI with the understanding that the information provided ***would remain private or confidential and possibly used against him only in very limited situations that are detailed within the proffer letter***. The current civil proceeding in which neither the USAO nor the FBI is a party is not one of those very limited situations. It was reasonable for the USAO and FBI to construe the proffer letter as precluding the release of Officer Thoms' information as set forth in the 302 report.

(Docket #31 at 4) (emphasis added).

This reason fails to satisfy either standard of review. As with the USAO's initial opposition, the supplemental brief again fails to cite any of the *Touhy* factors. Further, the USAO's position is dissonant with the express terms of the proffer letter. The general understanding of confidentiality expressed in the emphasized portion of the above quotation is found nowhere in the letter. Rather, the letter restricts itself to use of the 302 report as between Thoms and the United States. The letter does not even suggest that the USAO's disclosure of the 302 report to Plaintiffs is improper. The United States is not being compelled to "use any information . . . **directly against**" Thoms; disclosure of the 302 report is at best an indirect action against Thoms, and is certainly not an instance where the *United States* is using information against him. (Docket #24-3 at 2) (emphasis added). The Court must conclude that the USAO has "offered an explanation for its decision that runs counter to the evidence before the agency," and therefore it is arbitrary. *Sauer*, 2014 WL 5580954, at *4.[1]

This result comports with the nature of proffer letters. Proffer letters are agreements between the United States and the target defendant. *United States v. Williams*, 298 F.3d 688, 694 (7th Cir. 2002).[2] Plaintiffs are not parties

---

[1]The USAO also makes no claim of privilege, burden, or lacking relevance, and so Plaintiff's motion would be granted under the alternative FRCP 26 and 45 standards.

[2]The *Williams* court found that proffer agreements are contracts between the government and the defendant, and "a defendant waives any objection to the government's use of proffered statements when the proffer agreement allows such use." *Williams*, 298 F.3d at 694. While this finding was made in the context of a criminal case, the principle may be applied here. Things not promised in the proffer letter—here, non-disclosure of the 302 report to a non-party civil litigant—cannot be enforced as part of that agreement.

Page 5 of 6

Case 2:16-cv-00869-JPS   Filed 03/30/17   Page 5 of 6   Document 33

to the agreement and are not bound by it. Whether disclosure of the 302 report has any chilling effect on proffer letters in the future is not only speculative, but it also has no bearing on whether Plaintiffs are entitled to discovery in this matter. The USAO and any proffering defendants know (or should know) that the United States cannot promise what it has no power to grant; namely, protection of the proffer from discovery by non-party civil litigants.

Accordingly,

**IT IS ORDERED** that Plaintiffs' expedited motion to compel (Docket #24) be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that the United States Attorney's Office for the Eastern District of Wisconsin shall produce to the plaintiffs the report of the FBI interview of the defendant Zachary Thoms.

Dated at Milwaukee, Wisconsin, this 30th day of March, 2017.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge