# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ESTATE OF DEREK WILLIAMS, JR., TANIJAH WILLIAMS, DEREK WILLIAMS III, and TALIYAH S. WILLIAMS,<br><br>Plaintiffs,<br>v.<br><br>CITY OF MILWAUKEE, JEFFREY CLINE, RICHARD TICCIONI, PATRICK COE, JASON BLEICHWEHL, ROBERT THIEL, TODD KAUL, ZACHARY THOMS, GREGORY KUSPA, CRAIG THIMM, and DAVID LETTEER,<br><br>Defendants. | Case No. 16-CV-869-JPS<br><br>ORDER |

On August 4, 2017, the Court denied Defendants' motion for summary judgment on, *inter alia*, the Officer Defendants' qualified immunity defense. (Docket #74 at 48-51). The Officer Defendants are entitled to take an immediate appeal of the Court's ruling on that issue, without seeking leave, because "it is a final decision on the defendant's right not to stand trial and, as such, a collateral order." *Gutierrez v. Kermon*, 722 F.3d 1003, 1009 (7th Cir. 2013); *see Mitchell v. Forsyth*, 472 U.S. 511, 524-530 (1985) (describing collateral orders). Defendants gave notice of such an appeal on August 7, 2017. (Docket #75).

The next day, Plaintiffs filed a motion asking that the Court certify Defendants' appeal as frivolous. (Docket #78). They cite the Seventh Circuit's *Apostol* opinion, which permits a district court to certify an appeal

as frivolous if it finds a claim of qualified immunity "is a sham." *Apostol v. Gallion*, 870 F.2d 1335, 1339 (7th Cir. 1989). Plaintiffs argue that the Court found disputed issues of fact on the qualified immunity issue, which normally precludes appellate review. *Guiterrez*, 722 F.3d at 1009. They also contend that Defendants have waived the basis of a qualified immunity appeal because their summary judgment argument did not rest on the facts as viewed in Plaintiffs' favor.

Plaintiffs push this principle too far, as *Guiterrez* explains:

> A district court's finding that there are genuine issues of material fact does not always preclude appellate review. [The Supreme Court's opinion in *Johnson v. Jones*, 515 U.S. 304 (1995)] prohibits us from reviewing the record to determine whether the district court erred in finding that a genuine issue of material fact exists, . . . and so we may not make conclusions about which facts the parties ultimately might be able to establish at trial[.] But *Johnson* does not prohibit us from considering the abstract legal question of whether a given set of undisputed facts demonstrates a violation of clearly established law. In reviewing this purely legal question, we take the facts as the district court assumed them when denying summary judgment, . . . or in a light most favorable to the plaintiff, the nonmovant[.]

*Id.* Defendants may not contest the Court's determinations regarding disputes of fact. They are free, however, to assert that even when the facts are viewed favorably to Plaintiffs, they warrant qualified immunity. Whatever the likelihood of success in this endeavor, it is no sham.

The Court recently addressed this same issue in the case concerning the death of Dontre Hamilton. *See J.M., et al. v. City of Milwaukee, et al.*, No. 16-CV-507-JPS (E.D. Wis. May 1, 2017) (Docket #106). The Court agrees with Plaintiffs that Defendants' qualified immunity appeal appears to be even less meritorious than that from the Hamilton case. Nevertheless, the Court

believes it is most prudent to allow Defendants' appeal to proceed. As *Apostol* instructs, the power to declare an appeal frivolous "must be used with restraint[.]" 870 F.3d at 1339. Plaintiffs are free to seek appropriate relief in the Court of Appeals regarding any perceived frivolousness or waiver. The Court of Appeals has, of course, its own power to apply sanctions to Defendants if it believes them appropriate.

Plaintiffs' instant motion must be denied; Defendants' appeal will continue. Additionally, the Court will grant a stay of this matter in this Court, as Defendants have requested. (Docket #77). There is no logic in proceeding to trial, currently scheduled in less than three weeks, if the Court of Appeals ultimately finds any merit in Defendants' appeal. *See Allman v. Smith*, 764 F.3d 682, 685-86 (7th Cir. 2014). This stay will be lifted when the mandate is issued by the Court of Appeals. If a trial is still required, it will be completed within 60 days following remand. The parties and their counsel should be guided accordingly.

Accordingly,

**IT IS ORDERED** that Plaintiffs' motion to certify Defendants' appeal as frivolous (Docket #78) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that this matter's August 22, 2017 final pretrial conference, August 28, 2017 jury trial, and all other related deadlines (Docket #17) be and the same are hereby **VACATED**;

**IT IS FURTHER ORDERED** that Defendants' motion to stay proceedings in the district court (Docket #77) be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that these proceedings be and the same are hereby **STAYED** until the mandate of the Court of Appeals is received in appellate case number 17-2603.

Dated at Milwaukee, Wisconsin, this 15th day of August, 2017.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge